## J. W. Parker v. J. W. Crawford.

### (No. 2492.)

Appeal from Harris County.   Opinion by White, P. J.

Jones & Garnett, counsel for appellant.

Goldthwaite & Ewing, counsel for appellee.

§ 365. *Fraud; concealment is, when; money collected by insolvent bank recoverable, when; case stated.* Appellee placed for collection with the bank of one Beard a claim for $350, which said bank sent to a banker, House, for collection. House collected the money. Two days after receiving the claim for collection the Beard bank failed and assigned, appellant being the assignee. Appellee notified appellant, assignee, immediately of his intention to claim the money in the hands of House, and

also notified House of his claim to the money. Appellee then sued appellant and House to recover said money. Appellant filed a general denial, and House paid the money into court subject to the order of the court. Appellee recovered judgment for the money. The evidence shows that, when Beard's bank received appellee's claim for collection, said bank was irretrievably insolvent and on the verge of an assignment, but was regarded by the public as solvent and trustworthy. The insolvent condition of said bank was known to its agent, Gass, who received said claim for collection, but was unknown to appellee. All the losses causing the failure of said bank occurred *before* said claim was received by it for collection. Appellee would not have intrusted said bank with the collection of said claim had he known the financial condition of said bank. The trial court, in substance, instructed the jury that if, at the time appellee placed said claim with said bank, said bank was irretrievably insolvent, and that the condition of said bank was known to its officers, or its agent, Gass, who received said claim, but was unknown to appellee, and said condition was concealed from him, and that had the same been known to him he would not have placed said claim with said bank, then, as a matter of law, said claim was obtained by said bank by fraud; and if appellee, within a reasonable time after discovering such fraud, notified appellant, as assignee of said bank, of his intention to claim the money collected on said claim, they would find for appellee. This instruction appellant assigns as error. *Held:* Said instruction is applicable to the facts proved, and is correct in principle. Misrepresentation may consist as well in the concealment of what is true as in the assertion of what is false. If a man conceals a fact that is material to the transaction, knowing that the other party acts on the presumption that no such fact exists, it is as much a fraud as if the existence of such fact were expressly denied or the reverse of it expressly stated. [Kerr on Fraud & Mistake, pp. 94, 95.] A bank ought

not to receive deposits when in an insolvent condition, and a defrauded depositor may recover the check or other instrument deposited, or its proceeds. [Bolles' Banks, sec. 28; Cragge v. Hadley, 99 N. Y. 135.] It does not matter that the money paid into court by House was not the identical money collected on said claim. It was the product and substitute of the money collected. [Bank v. Weems, 69 Tex. 489.]

March 10, 1888.                              Affirmed.